# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1041V
UNPUBLISHED

| | |
|---|---|
| LORY MAHAN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On July 17, 2018, Lory Mahan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of an influenza ("flu") vaccine administered to her on September 7, 2016. Petition, ECF No. 1 at 1. Petitioner further alleges the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition at ¶¶ 2, 12-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 17, 2021, I issued Findings of Fact indicating that "there is preponderant evidence to establish (a) the vaccination alleged as causal in this case was administered to Petitioner in the right deltoid on September 7, 2016, and (b) the onset of Petitioner's pain occurred within 48 hours of her vaccination." ECF No. 50 at 8.

In reaction, on January 18, 2022, Respondent filed a Supplemental Rule 4(c) Report in which he indicates that

> [w]hile preserving his right to appeal the Chief Special Master's December 17, 2021 Findings of Fact, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* 42 C.F.R §§ 100.3(a)(XIV) and (c)(10). Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of pain occurred within forty-eight hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality has been identified to explain petitioner's right shoulder pain.3 42 C.F.R. §§ 100.3(a), (c)(10).

Amended Respondent's Rule 4(c) Report at 6 (footnotes omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation. A Damages Order will issue.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
